No. 3549

Second Circuit

## YOUNGER v. ALEXANDRIA COCA COLA BOTTLING COMPANY, LTD.

(July 1, 1929. Opinion and Decree.)
(October 1, 1929. Rehearing Refused.)

K. Hundley, of Alexandria, attorney for plaintiff, appellee.

Lamar Polk, of Alexandria, attorney for defendant, appellant.

ODOM, J. Plaintiff sued defendant to collect $820.35 due on open account for parts and accessories used in repairing several motor-trucks owned by defendant. The fact that the items shown on the account were used in repairing its trucks is not disputed by defendant. But it denies .liability on two grounds; first, because it did not authorize the purchase of said parts and accessories from defendant; and, second, that said account should be paid by the International Harvester Company, and not by it.

We do not think either defense is good. The plaintiff is engaged in the sale of motor-trucks, parts and accessories, and has the agency for the sale of trucks manufactured by the International Harvester Company. In the years 1925 and 1926 plaintiff sold to defendant some five or six trucks to be used in the distribution and delivery of bottled beverages manufactured by it. The trucks, according to defendant, did not give satisfactory service, and it made complaint to plaintiff, who suggested the probability that the trucks were not being taken care of. To the end that defendant's mechanics might be properly instructed in repairing and caring for trucks of this kind, it sent one of them, Moore, to plaintiff's place of business, and had him work under one of plaintiff's men for two weeks, according to plaintiff, and for three or four weeks, according to defendant. Even after that Moore was not able, it is said, to keep the trucks going, except at great expense. Finally, in November, 1927, Mr. Gilham and his son, manager and assistant manager, respectively, of the defendant corporation, called at the office of the truck department of the International Harvester Company, in New Orleans, and made a complaint to the manager, Mr. Schumacher. The result of the conference was that Mr. Schumacher sent an expert mechanic, Mr. Fortier, to Alexandria to repair the trucks. To do so, he needed parts and accessories, all of which were furnished by plaintiff. That plaintiff furnished and charged to defendant all the parts used by Fortier in the repairing of the trucks is not disputed. But defendant and his son both testified that Schumacher, manager of the New Orleans branch of the International Harvester Company, agreed to send his mechanic to Alexandria, do all the work necessary in making the repairs, and to furnish all parts necessary without expense to defendant. Schumacher denies that, but says he agreed to furnish a mechanic to do the work without charge, but did not agree to furnish the parts necessary. But whether Schumacher did or did not agree to furnish the necessary parts and accessories free of charge to defendant is not pertinent to the issues here involved.

The undisputed facts are that plaintiff, and not the Harvester Company, owned the parts used, and that he furnished them from his place of business, and that he was under no obligation, contractual or otherwise, to furnish them free of charge. It is not contended that plaintiff was a party to, or had any knowledge of, the agreement between Schumacher and Gilham, manager of the defendant company. During the time these trucks were being repaired, the elder Gilham was sick, but his son, assistant manager of the defendant company, was in charge, and knew all along that the parts were being gotten from plaintiff. Mr. Moore, one of defendant's mechanics, personally went to plaintiff's place of business and got the greater portion of them, and signed the tickets therefor. Defendant contends that these should have been charged to the Harvester Company, and not to it. But there was no agreement to that effect with plaintiff. He delivered the parts to defendant in accordance with a custom which prevailed long before this controversy arose. In 1926 and 1927 plaintiff had sold defendant supplies amounting to upwards of $2,000. These were all gotten by defendant's mechanics and used in repairing the trucks, and were gotten in precisely the same manner as were those involved in this controversy, and the bills for them were promptly paid by defendant. Mr. Gilham, defendant's manager, was asked: "No dispute between you and Mr. Younger in this matter, except as to who is going to pay for these parts, is there?" He answered: "That's all."

If the Harvester Company has breached its contract with defendant, defendant should seek redress against it. Under the testimony, defendant cannot escape its liability to plaintiff.

Counsel for defendant argues that plaintiff had no authority from defendant to charge these goods to it. It is true that it had no express authority, but practically all the parts were gotten by defendant's mechanic, Moore, in the usual course, and, besides, young Gilham, defendant's assistant manager, knew they were being gotten and used, and neither he or any one else made any complaint.

The judgment appealed from is correct; and is therefore affirmed, with costs in both courts.